IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DR. FELIX GUZMAN RIVADENEIRA, on behalf of the
thousands of federal detainees and their families here
in the United States of America and all over the world,[1]

      Plaintiff,

v.                                    Case No. 2:15-cv-07656

DEPARTMENT OF HOMELAND SECURITY (D.H.S.),
DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT (I.C.E.),
UNITED STATES ATTORNEY GENERAL, CHIEF OPERATOR OF THE
DETENTION OPERATION MANUAL, ALL THE WARDENS OF THE JAIL
AND DETENTION CENTERS, contracted by ICE, ALL THE SERVICE
PROCESSING CENTERS (SPCs), ALL THE CONTRACT DETENTION
FACILITIES (CDFs), and ALL THE INTERGOVERNMENTAL SERVICE
AGREEMENT FACILITIES (IGSA),

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is pending before the undersigned for initial screening of the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.

---

[1] A class action may not be brought by a *pro se* plaintiff. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975). In *Oxendine*, the Fourth Circuit stated, "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." 509 F.2d at 1407. *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .").

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **PROCEDURAL HISTORY**

On June 12, 2015, the plaintiff filed the instant Complaint while incarcerated in the McHenry County Jail in Woodstock, Illinois.[2] The Complaint states that the plaintiff is suing on "behalf of the thousands of detainees and their families" who are suffering "abuse, prejudice and discrimination, which include denial of meaningful access to DHS-supported programs, activities and services due to limited English proficiency" as a result of "fraud, corruption, mismanagement and misconduct produced by all the entities mentioned in my lawsuit." (ECF No. 1 at 3). Thereafter, the plaintiff summarily asserts violations of the Fifth, Eighth and Fourteenth Amendments based upon general conditions of confinement in correctional and detention facilities. (*Id.* at 3-4).

Without any specific facts to support his claims, the plaintiff alleges that he and other detainees have been: denied basic human needs and subjected to cruel and unusual punishment; subjected to deliberate indifference to medical needs; subject to malicious and sadistic uses of force; incarcerated in punitive and unconstitutional conditions; subjected to overcrowding, widely abused punitive disciplinary procedures, and physical, sexual, and verbal abuse that is often discriminatory in nature; subjected to inadequate

---

[2] On February 12, 2018, mail sent to the plaintiff at the McHenry County Jail was returned as undeliverable, with a notation that the plaintiff was "no longer here." The plaintiff did not provide any updated contact information, and it is believed that he has been deported to Equador.

3

access to a meaningful grievance procedure and religious freedom; and subjected to physical and mental harm because of the lack of oversight by Defendants D.H.S., I.C.E., and the other Defendant entities. In his request for relief, the plaintiff seeks the creation of a new law called "T.O.D.O.S." (The Other Detainee Offer Status) and immigration detention standards that comply with human rights principles, greater government transparency, effective national oversight, and two hundred and ten billion dollars. It appears that the plaintiff has filed similar complaints in numerous district courts across the United States.[3]

## ANALYSIS

This matter is dismissible on a number of grounds. First, the Complaint herein contains conclusory allegations and fails to state any plausible claim against any specific defendant. Second, the plaintiff has frivolously filed this litigation in multiple jurisdictions. Additionally, the allegations in the Complaint have no apparent nexus to the Southern District of West Virginia; accordingly, this is not an appropriate venue. Finally, because the plaintiff has not kept the court advised of his current whereabouts, it is impossible for this matter to continue. Accordingly, it should be dismissed for failure to prosecute.

"The Complaint must contain as many facts as are necessary to propel the claim across 'the line between possibility and plausibility of entitlement to relief.'" *Piasecki v. Wal-Mart Stores East, LP*, No. 2:08-cv-01302, 2009 WL 8626849 (S.D. W.Va. Feb. 20, 2009) (quoting *Twombly*, 550 U.S. at 557). Here, the plaintiff has generally set forth a

---

[3] A search of the Court's online PACER database reveals that the plaintiff filed identical copies of his complaint in at least 45 federal district courts within a five-day period during the second week of June of 2015 alone. He filed a total of 62 actions in federal district courts between June 10, 2015, and July 30, 2015.

4

laundry list of allegedly unconstitutional conditions of confinement at federal detention facilities, but provides no specific factual allegations to support his claims. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state a claim upon which relief can be granted by this court.

Moreover, the plaintiff has not alleged any facts which demonstrate a nexus between his claims and the Southern District of West Virginia such that this court would be an appropriate venue to consider the plaintiff's claims. Rather, the plaintiff merely appears to have peppered the filing of the same complaint in various federal district courts around the country, without establishing that his claims arose within those districts or that there is any factual basis that would warrant such courts to exercise personal jurisdiction and venue over such matters. As noted above, at the time the plaintiff filed his Complaint, he was detained in Illinois. Accordingly, this matter should be dismissed for lack of venue and, in the interests of judicial economy, because it is duplicative of suits already pending in other courts. *See, e.g., Lea v. United States*, 120 Fed. Cl. 440, 446 (2015); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (a district court has broad discretion to dismiss a complaint "for reasons of wise judicial administration"); *cf Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation.")

Finally, in light of the plaintiff's release from custody at the facility where he filed the Complaint, and his failure to keep the court advised of his whereabouts and contact information, the court has no choice but to dismiss this matter for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See*

*Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

It was the plaintiff's responsibility to notify the court of his release from custody and to provide updated contact information, which he failed to do, and he has not communicated in any way concerning since the filing of his Complaint. Additionally, because the court and the parties have no way of locating the plaintiff, the defendants would be greatly prejudiced in their ability to defend this matter. Thus, dismissal appears to be the only appropriate sanction. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this matter should be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1) and this civil action, pursuant to the provisions of 28 U.S.C. § 1915A and the dictates of *Twombly* and *Iqbal*, as well as pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

April 3, 2018

Dwane L. Tinsley
United States Magistrate Judge